UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BILLY DON PYLE, and § | |
| KATHY LYNNE PYLE, § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:15-CV-0624-B |
| § | |
| U.S. BANK NATIONAL § | |
| ASSOCIATION, and J&M BROKERS, § | |
| LTD d/b/a MORTGAGES USA-REIM, § | |
| § | |
| Defendants § | |

## ORDER

Before the Court is a Report and Recommendation to District Court Regarding Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment (doc. 1) (the "Report and Recommendation") transmitted by the Bankruptcy Court to this Court on February 24, 2015. The Bankruptcy Court filed this Report and Recommendation pursuant to 28 U.S.C. § 157(c)(1),[1] which allows bankruptcy judges to submit proposed findings of fact and conclusions of law to the district court for a *de novo* review, and if appropriate, entry of final judgment.

In the Report and Recommendation, the Bankruptcy Court analyzed a Motion for Judgment on the Pleadings, or Alternatively, for Summary Judgment (the "Motion") (bankr. doc. 48)[2] filed by

---

[1] As noted by the Bankruptcy Court, the parties to the claims at issue in the Report and Recommendation agree that these claims are statutorily core, but subject to the constitutional limitations set forth in *Stern v. Marshall*, 131 S. Ct. 2594 (2011). Under these circumstances, the Supreme Court has held that 28 U.S.C. § 157(c)(1) governs. *See Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014).

[2] This Court accessed this and related bankruptcy court filings in this matter from the electronic filing system of the Bankruptcy Court for the Northern District of Texas, Adversary Proceeding No. 3:13-ap-03252.

Defendant J&M Brokers, Ltd. d/b/a Mortgages USA-REIM, now MUSA Financial, LLC ("MUSA"). The Motion sought, among other things, judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c)[3] with respect to the claims asserted in Plaintiffs' Amended Complaint against MUSA. After a lengthy consideration of the parties' positions on this point, the Bankruptcy Court entered its recommendation to this Court that the Motion be granted and that the Amended Complaint "be dismissed in its entirety with respect to MUSA." Report & Recommendation at 20.

Having conducted a *de novo* review of the Amended Complaint (bankr. doc. 6), MUSA's Motion, brief, and reply (bankr. docs. 48, 50, 57), and Plaintiffs' Response (bankr. doc. 55), the Court finds, for the reasons set forth in the Report and Recommendation, that the Motion should be **GRANTED** and that Plaintiffs' claims against MUSA should be **DISMISSED** pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Before entering final judgment, however, the Court requests clarification from the parties as to how the remaining claims in this adversary proceeding should proceed following this Order, and whether final judgment is appropriate at this time. In particular, it is not clear whether the outstanding claims against Defendant U.S. Bank National Association will proceed pursuant to 28 U.S.C. § 157(b)(1) or § 157(c)(1), and thus, whether this civil case should remain open. Relatedly, it is not clear whether final judgment on the claims against MUSA should be entered at this time,[4] or if the Court should delay entering final judgment until the remaining claims are resolved. As such,

---

[3] Rule 12(c) is made applicable in bankruptcy court proceedings via Federal Rule of Bankruptcy Procedure 7012(b).

[4] Presumably, such final judgment would be entered pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

the Court **ORDERS** the parties to submit a joint status report addressing these issues <u>by no later than July 13, 2015</u>. If the parties cannot reach a consensus with respect to these issues, they shall set forth in the joint status report their respective positions.

**SO ORDERED.**
**Dated: June 22, 2015.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE